IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CARLTON GARY,

    Plaintiff,

v.                                                5:13cv416-WS

M & S FOOD,

    Defendant.

---

### ORDER STRIKING PLAINTIFF'S THIRD AMENDED COMPLAINT

Before the court is the magistrate judge's report and recommendation docketed January 5, 2015. <u>See</u> Doc. 19. The magistrate judge recommends that Plaintiff's third amended complaint (doc. 16) be dismissed. Plaintiff has filed objections (doc. 20) to the report and recommendation. For the reasons explained below, the court finds that Plaintiff's third amended complaint should be struck from the record.

The third amended complaint was filed without leave of court fifty-one days after *judgment* in the case was entered on April 28, 2014. Plaintiff did not file a Rule 59(e) motion for relief from judgment, did not appeal the judgment, and did

not file any sort of a post-judgment motion that could be construed as a Rule 60(b) motion for relief from judgment.

Typically, once a judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b).  *See*, *e.g.*, *Williams v. Citigroup* Inc., 659 F.3d 208, 213 (2d Cir. 2011) (noting that, "[a]s a procedural matter, a party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b)") (internal quotation marks and alterations omitted); *Crestview Village Apartments v. United States Dep't of Housing and Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (explaining that "[a]fter final judgment has been entered, a plaintiff may amend with leave of court following a motion to set aside the judgment under Rule 59(e) or Rule 60(b)").  While courts may construe post-judgment motions—however they are styled—as motions filed pursuant to Rule 59(e) or Rule 60(b), *Ahmed v. Dragovich*, 297 F.3d 201, 208 (3d Cir. 2002), Plaintiff here has filed nothing that provides the court with a basis to set aside the judgment entered April 28, 2014.

Because Plaintiff both failed to seek leave of court before filing his post-judgment third amended complaint and also failed to establish any basis for Rule 60(b) relief, Plaintiff's third amended complaint was improperly filed and must be

struck from the record.  Accordingly, it is ORDERED:

    1.  The clerk shall STRIKE Plaintiff's third amended complaint (doc. 16) from the record and shall return it to Plaintiff.

    2.  The clerk shall accept no further filings in this case.

    DONE AND ORDERED this   21st   day of    January   , 2015.

                              s/ William Stafford
                              WILLIAM STAFFORD
                              SENIOR UNITED STATES DISTRICT JUDGE